## W. J. HUTCHINS v. G. W. CHAPMAN.

1. A sheriff's sale of land in A. county was made in 1868, under a decree foreclosing a vendor's lien, rendered in 1866 by the District Court of that county, in a suit against a defendant who was shown by the petition to be a resident of a different county in this State. The suit was instituted in 1860, when the statute required such a suit to be brought in the county of the defendant's residence. Appellee purchased the land at the sheriff's sale under the decree, but his title is impeached by the appellant on the ground that the decree was void for want of jurisdiction in the court which rendered it ; and appellant further maintains that by the pendency of such suit he was not charged with constructive notice of the vendor's lien. But *held*, that the decree was not void, although the jurisdiction of the court which rendered it might have been ousted if the defendant in the suit had pleaded to the jurisdiction at the proper time. And *held further*, that the pendency of the suit in A. county did charge the appellant with constructive notice of the vendor's lien.

2. The rulings in Scogin v. Perry, 32 Texas, 21, and Phillips v. Lesser, Id., 32, respecting the dormancy of judgments, referred to and approved.

3. To constitute an innocent purchaser for value, such as will be protected against prior liens, the consideration must have been paid at the time of the execution of the deed, or before notice of any prior rights or equities.

ERROR from Austin. Tried below before the Hon. L. Lindsay.

The material facts are indicated in the opinion and the first head-note.

*Ben. T. Harris*, for the appellant. Constructive notice is not a favorite of the law, and to perfect it the courts require strict compliance with the rules governing and defining it. The principle of *lis pendens* is that the proceedings must be of such a character as to point out to the world the property or right affected by them, and the suit must be prosecuted with *reasonable diligence*. (Davis v. Mew, Strob. Eq. Rep., 180 ; Clarkson v. Morgan, 6 Ben. Monroe Rep., 441, cited by Kent.) *Lis pen-*

*dens* cannot avail defendant, because the suit of S. S. Kirby *v.* R. I. Samuels was never so pending as to operate as constructive notice.

It is not the filing of the suit, but the regular service of process from a court having jurisdiction, that constitutes *lis pendens*. (Gaines *v.* Stiles, 14 Peters, 322.) The petition in said suit alleges Samuels' residence to be in *Grimes* county. The note declared on was not payable in Austin county; there was no *mortgage* to give jurisdiction, and the law required the suit to be instituted in *Grimes* county.

The act of May 13, 1846, regarding jurisdiction of the District Court, remained in force until December 10th, 1863. (P. D., Article 1423.)

Claiming the vendor's lien did not give the District Court of *Austin county* jurisdiction. The case of Coffee *v.* Haynes, 24 Texas, 190, is conclusive on this point.

In Mitchell *v.* Runkle, 25 Texas, Sup., 136, it is said: "It is "a plain and undeniable principle, that to give binding effect "to the proceedings of a court, it *must have jurisdiction of* "*the person of the defendant and of the subject matter.*" The want of jurisdiction makes the judgment *utterly void and unavailable* for *any purpose.*

I respectfully maintain, therefore, that the District Court of Austin county had no jurisdiction in the Kirby *v.* Samuels case. That as to Bush, Leymo & Williams, and Hutchins, said suit constituted *no notice*, and the execution and delivery of the deed by Kirby to Samuels, on the 21st of March, 1860, cured the want of deed at the date of Bush's purchase (February 4th, 1860), in the absence of actual notice on his part of the existence of the note given by Samuels to Kirby.

In addition to the foregoing it is respectfully suggested that the defendant purchased the land at a sale made under an execution issued on a dormant judgment; in which case it is held that no valid title can be be acquired by virtue of a sale made under such execution. (Johnston's Administrator *v.* Shaw, 33 Texas, 590.)

*Hunt & Holland*, for defendant in error.

OGDEN, J. The appellee in this case claims title to the land in controversy, by virtue of a sheriff's sale and deed made in 1868, upon a judgment rendered in June, 1866. It is claimed for appellant that the sheriff's deed is void, and no defense to this action, for two reasons; first, that the judgment, to satisfy which the sale was made, was void for want of jurisdiction in the court which rendered it. A plea to the jurisdiction of the court, in the case of S. S. Kirby v. Samuel, might have been made available upon the trial of that cause, had it been interposed at the proper time; but we do not think that plea can now be heard in this cause (and especially when presented in this court for the first time), for the reason that the suit was instituted in Austin county, and the record there disclosed the fact, and parties are chargeable with notice of whatever that record contained. Besides, the question of jurisdiction was a matter between the parties to the suit, and may have been waived. (Ryan v. Jackson, 11 Texas, 391.) We are clearly of the opinion, that the institution of suit for the foreclosure of a vendor's lien, and its pendency in Austin county, would operate as constructive notice of a lien on lands situate in that county. But it is claimed that the Kirby judgment was dormant, and that an execution and sale upon that judgment were void, and conveyed no title. The judgment was rendered in June, 1866, and in November of that year an act of the Legislature was passed, providing that no judgments of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions. This act was under consideration by this court in Scogin v. Perry, 32 Texas, 21, and in Phillips v. Lesser, 32 Texas, 32, in which it was decided that a judgment would not become dormant until the expiration of ten years, though no execution had issued. The Kirby judgment was but a few months old and in full force, on the passage of the act of November, 1866; that act would therefore apply as well to the Kirby judgment as to any subse-

quent one.   But in Phillips *v.* Lesser, it is decided that the stay laws prevented judgments from becoming dormant.   The Kirby judgment must, therefore, be regarded as *prima facie* a valid and subsisting judgment in 1868, at the time of the sale made under it, and the purchaser at that sale received a good title, unless other rights and equities have intervened to defeat it.

But appellant claims that he is an innocent purchaser for a valuable consideration, without notice, and that therefore, in equity, he should be protected in his purchase.   This is the only material question presented in the record, which requires further notice.   Appellant claims that he is a *bona fide* purchaser, and yet he testifies that he took the land for a debt, and agreed to re-convey the property to his vendor on the payment of the purchase-money and interest.   In other words, appellant agreed to re-convey the land on payment of the pre-existing debt.   This, in contemplation of law, was no purchase, but a simple pledge or mortgage, to secure the debt.   But had the conveyance to appellant been absolute, without any promise to re-convey, there was no such consideration paid as would support the plea of being an innocent purchaser for a valuable consideration.   There was no consideration passed at the making of the deed to appellant, and he could not be injured by its cancellation, as he would then be in the same position as before the execution of the deed.   We believe that the authorities are without conflict in holding that, in order to constitute an innocent purchaser, such as courts of equity would protect against prior liens, the consideration must have been paid at the time of the execution of the deed, or before notice of any prior rights or equities.   (Fraim *v.* Frederick, 32 Texas, 39; Story's Equity Jurisprudence, 64, 108, 154; Leading Cases in Equity, Vol. II., p. 79.)   Had appellant, however, purchased the land absolutely, and paid the purchase-money, yet he is not entitled to protection from a court of equity against the deed of appellee.   He purchased after a suit to foreclose the vendor's lien had been pending in the District

Court of the county where the land lies, for over five years, and the pendency of that suit was at least constructive notice to all persons, and he must be held estopped from claiming the benefits of an innocent purchaser without notice. There is no error in the judgment of the District Court, and it is affirmed.

Affirmed.