T. R. BONNER AND J. M. EDDY v. JOHN R. HEARNE, RECEIVER.

No. 7189.

1. Receivers—Jurisdiction.—Construing section 13 of the Act of April 2, 1887, concerning receivers, *held*, that it was not the intention of the Legislature to limit the exercise of the power to appoint a receiver for a corporation to those courts exercising jurisdiction over the territory in which the principal office of the corporation was located.

2. Cases Reviewed.—De la Vega v. League, 64 Texas, 214; Ryan v. Jackson, 11 Texas, 391; Morris v. Runnells, 12 Texas, 176; Cavanaugh v. Peterson, 47 Texas, 206; and The State v. Snyder, 66 Texas, 687, reviewed.

APPEAL from Anderson.    Tried below before Hon. F. A. Williams.

The statement of the case made by appellee's attorneys is adopted substantially, as follows:

The issue involved was whether appellee or appellants were rightful receivers of the International & Great Northern Railway.    The receivership under which appellants claim was decreed by the District Court of

Smith County, February 16, 1889, on the intervention of the Missouri, Kansas & Texas Railway Company, filed February 13, in the suit of Jay Gould v. The International & Great Northern Company, pending in that court, and which was filed February 4, 1889. The principal office of the International & Great Northern Company, which was organized under the laws of Texas, and whose property was wholly situated in Texas, was at Palestine, in Anderson County. Both the petitions of plaintiff Gould and intervenor Missouri, Kansas & Texas Company, alleged that the principal office of the International & Great Northern Company was in Anderson County. The plaintiff sued to recover the amount of three promissory notes executed to him by the International & Great Northern Company, and prayed for judgment for his debt. The Missouri, Kansas & Texas Company intervened as the owner of the International & Great Northern road and property by reason of its ownership of all of its capital stock, except 200 shares, and in such right defended Gould's suit for the International & Great Northern Company, which had authorized its attorney to confess judgment. The Missouri, Kansas & Texas Company alleged fraud against Gould, who was the president of the International & Great Northern Company, and the directors, the insolvency of the International & Great Northern Company, and on behalf of the International & Great Northern Company set up damages in reconvention, alleged that Gould's debt was fraudulent, and prayed for the appointment of a receiver to investigate the alleged debt, and to take charge of and operate the International & Great Northern Railway, etc. The appointment of T. R. Bonner and N. W. Finlay as receivers was made, and Gould enjoined from prosecuting his suit till his claim could be investigated. The International & Great Northern Company was only cited to answer Gould's suit. Gould specially excepted to the jurisdiction of the court to appoint a receiver, because under the law the action for such appointment was required to be brought in the county where the principal office of the company was located. The International & Great Northern Company appeared by one of its general attorneys, and objected to the appointment of a receiver because of want of notice to the company, but the court ruled that service of process in the Gould suit was sufficient to make the company a party for all purposes, and an exception was taken.

On March 11 N. W. Finlay resigned, and J. M. Eddy, the former general manager of the International & Great Northern Company, was appointed in his stead; the injunction against Gould was dissolved; exceptions to the pleas of reconvention filed by the Missouri, Kansas & Texas Company were sustained; said pleas were withdrawn by the Missouri, Kansas & Texas Company, and final judgment was rendered in favor of Gould, by default, against the International & Great Northern Company for the full amount of his debt and interest ($514,603.78), and the receivers were ordered to pay the judgment out of the earnings of the road.

The court decreed that the Missouri, Kansas & Texas Company was "entitled to the possession of the defendant railway company, as against Jay Gould and his board of directors, and that they are wrongful possessors of defendant railway and property, and may use their possession to the injury of intervenors," and that a statutory case had been made for the appointment of a receiver, etc.

Appellee's right was claimed from his appointment by the judge of the District Court of Anderson County on April 15, 1889, in a suit filed February 28, 1889, by stockholders against the International & Great Northern Company, the Missouri, Kansas & Texas Company, and appellants; also by a confirmation of his appointment by said court on April 29, and his appointment by the same court in a suit by bondholders, filed March 14, to foreclose the second mortgage of the International & Great Northern Company, in which suit the mortgage trustee was a party defendant. In both suits appellants were parties and the suits were still pending. There was no question of the sufficiency of the grounds alleged in the suits for the appointment of a receiver.    Other stockholders and bondholders, and also judgment creditors, intervened.

Subsequent to the filing of the suits by stockholders and bondholders in the District Court of Anderson County, and on March 30, the Farmers Loan & Trust Company, the trustee of the second mortgage, which was a party to the foreclosure suit in Anderson County, and after it had been duly served with process in that suit, and of notice of plaintiffs' application for the appointment of a receiver, etc., filed suit in the District Court of Smith County against the International & Great Northern Company to foreclose said mortgage, and prayed for the appointment of a receiver, and on the same day the court appointed appellants receivers in that cause.

After appellee's appointment and qualification he made due demand of appellants for the possession of the property, they holding possession and operating the road under their appointment in Smith County, but possession was refused.    Thereupon appellee sued them for possession, and on April 30 judgment was rendered for plaintiffs, and from this judgment this appeal is prosecuted.    The conclusions of law and fact filed by the court are found in the opinion.

*A. H. Willie, W. S. Herndon, J. M. Duncan,* and *H. Chilton,* for appellants. — 1. The District Court of Smith County had power to appoint receivers of the International & Great Northern Railway, and its decrees appointing appellants were not void. Rev. Stats., art. 1198, secs. 11, 21, 23.

2.   The original suit in Smith County, in which appellants were appointed receivers, not being an action for the appointment of receivers, and their appointment having been made in the course of the proceedings as an incident, and to protect the rights of parties pending the litigation,

the court had the jurisdiction to make such appointment, and its action in so doing was valid as necessary to its complete control, adjudication, and disposition of the subject matter in dispute.   The court had jurisdiction of the subject matter and of the person.   Const., art. ——; Rev. Stats., art. 1198, secs. 11, 21; De la Vega v. League, 64 Texas, 205; Kendall v. Hackworth, 66 Texas, 505; Railway v. Locke, 63 Texas, 623; Lewis v. Davidson, 51 Texas, 256; Perkins v. Hume, 10 Texas, 50; Seymour v. Hill, 67 Texas, 385; Brown v. Cactus Hedge Co., 64 Texas, 396; U. S. Trust Co. v. Railway, 101 N. Y., 478; U. S. Trust Co. v. Railway, 35 Hun, 341; Ex Parte Harker, 49 Cal., 456; Supervisors v. Anighi, 54 Miss., 668; Riggs v. Johnson Co., 6 Wall., 166.

3.    The court erred in holding that the District Court of Anderson County could appoint receivers of the International & Great Northern Railway and its property and put them in possession thereof, disregarding as null and void the decrees of the District Court of Smith County, Texas, after the latter had assumed jurisdiction, appointed receivers, and put them in possession of the same property.

4.    The District Court of Smith County having jurisdiction of the subject matter of the suits in which it appointed receivers and of the person of the defendant, the District Court of Anderson County could not legally inquire into, ignore, or vacate the action of the District Court of Smith County, in appointing receivers in the cases pending before it. Harvey v. Tyler, 2 Wall., 328.

5.    The right to have the appointment of a receiver made in Anderson County was a personal privilege of the defendant railway company, and if it ever existed at all in the Smith County cases, was waived by the defendant appearing and failing to object to the jurisdiction of the court to make the appointment.   Rev. Stats., art. 1198, sec. 17; The State v. Snyder, 66 Texas, 694; De la Vega v. League, 64 Texas, 205; Stark v. Burr, 56 Texas, 130; Galveston County v. Noble, 56 Texas, 575; Morris v. Runnels, 12 Texas, 176; Railway v. Graves, 50 Texas, 201; First National Bank v. Encaustic Tile Co., 105 Ind., 227; Watson v. Baker, 67 Texas, 48; Railway v. Lash, 103 Ind., 80, and cases cited; Centre Township v. Marion County, 110 Ind., 579; Aurora Fire Ins. Co. v. Johnson, 46 Ind., 815; Johnson v. Stimmel, 89 N. Y., 117; Attorney-General v. Ins. Co., 77 N. Y., 272; Clark v. Barnard, 108 U. S., 436; Cooper v. Reynolds, 10 Wall., 308; Rhode Island v. Massachusetts, 12 Pet., 657; Ex Parte Schollenberger, 96 U. S., 369; York v. State, 73 Texas, 651.

The counsel for appellants filed separate printed briefs.

*Barnett & Hays* and *Gregg & Reeves*, for appellee. — 1.   It appearing affirmatively from the record of the proceedings of the District Court of Smith County, resulting in appellants' appointment as receivers, that the

property of the International and Great Northern Railroad Company sought to be placed in the hands of receivers was wholly situated in this State, and that the principal office of said company was located in Anderson County, said appointment was void because of want of jurisdiction. Acts April 2, 1887, p. 121, sec. 13; Wells on Jur., p. 76.

2. The original suit in Smith County, in which appellants were appointed receivers, not being an action for the appointment of receivers, as admitted in appellants' proposition, the District Court of that county did not have jurisdiction to make the appointment as an incident and to protect the rights of parties pending the litigation, because "incidental" power appertains to and depends on the principal, and such power can not exist where express power is denied, and " whatever is prohibited by law to be done directly can not legally be effected by an indirect and circuitous contrivance." Broom's Legal Max., *367; Moran v. Masterson, 11 B. Mon., 17; Wells on Juris., p. 113; Dodd v. Una, 5 Atl. Rep., 164.

3. Said court did not have jurisdiction to appoint receivers as an incident and to protect the rights of parties pending the litigation, because the principal suit did not in any wise involve any controversy respecting the title or the possession of the property of the International & Great Northern Company, or any lien or charge thereon, but only the debt sued on; and the application by intervenor in said suit for the appointment of receivers of property not in controversy could not confer incidental power on the court to do what it could not do in a principal or direct action for such appointment. Fleming v. Seeligson, 57 Texas, 533; Jaffray v. Meyer, 1 Ct. App. C. C., sec. 1350; Meyberg v. Steagall, 51 Texas, 354; Pool v. Sanford, 52 Texas, 633; Porter v. Garrissino, 51 Cal., 561.

4. A court without jurisdiction can not acquire jurisdiction over property by assuming jurisdiction and possession of the property, and the appointment of appellants being void, and the District Court of Anderson County, in which the principal office of the International & Great Northern Company was located, had jurisdiction to appoint a receiver in a suit by stockholders and bondholders wherein said company and appellants were parties. Horan v. Wahrenberger, 9 Texas, 313; Freem. on Judg., sec. 117; Wells on Juris., p. 11; Elliott v. Piersoll, 1 Pet., 340.

5. The petition of the Farmers Loan and Trust Company affirmatively showing that the principal office of the International & Great Northern Company was in Anderson County, the District Court of Smith County had no jurisdiction to appoint receivers. And after suit had been duly filed in the District Court of Anderson County by bondholders of the International & Great Northern Company against said company, and in which said trust company was a party, to foreclose said mortgage and for the appointment of a receiver, and after due service of process in said suit on said trustee, and of notice of the application for such receiver, the

District Court of Smith County had no jurisdiction to appoint receivers in the suit subsequently filed therein by said trustee, the District Court of Anderson County having first acquired jurisdiction of the parties and subject matter. And it is apparent of record that the appointment of appellants at the suit of said trust company was a collusive attempt to oust the rightful jurisdiction of the District Court of Anderson County. Clepper v. The State, 4 Texas, 242; Beach on Receivers, sec. 349; Union Trust Co. v. Railway, 6 Biss., 197; Sharon v. Terry, 36 Fed. Rep., 337.

6. Where a court has no jurisdiction but nevertheless assumes jurisdiction, no rule of comity or public policy requires every other court of co-ordinate powers to give effect to its judgment; otherwise, the decision of a court without jurisdiction in favor of its jurisdiction would give its judgment equal validity with that of a court having jurisdiction. Lindsey v. Luckett, 20 Texas, 520; Whitney v. Brunette, 15 Wis., 61; Hammock v. Loan and Trust Co., 105 U. S., 86.

7. It was competent for the District Court of Anderson County to render judgment in favor of appellee as receiver, etc., against appellants for the possession of the property, one of appellants being a resident of Anderson County and the property being partly situated in said county. Glass v. Smith, 66 Texas, 548; Chambers v. Bridge Co., 16 Kan., 270.

8. The statute requiring that the action for the appointment of a receiver of a corporation or of the property of a corporation shall be brought in the county where its principal office is located, does not confer a mere privilege on the corporation, subject to be enforced or waived by it as it may see fit. The language of the statute is not only imperative, but the intention of the Legislature to make it mandatory is clearly manifest from a consideration of the whole scope of the act and of the mischiefs to be remedied by the section in question, and from apparent reasons of public policy which are independent of the convenience of either party to the suit; and the statute creates a remedy which must be enforced in the particular tribunal prescribed by the statute, for the remedy and the procedure go together. Fontaine v. The State, 69 Texas, 510; Richardson v. Pruitt, 3 Texas, 231; Bondies v. Buford, 58 Texas, 269; Munson v. Newson, 9 Texas, 109; Ward v. Hubbard, 62 Texas, 559; Wells on Juris., 76; Com. v. Latham, 8 S. E. Rep., 488; Reed v. Railway, 33 Cal., 218; Aldridge v. Hawkins, 6 Blackford, 125.

Printed arguments were also filed by counsel for appellee.

GAINES; ASSOCIATE JUSTICE.—This action was brought in the District Court of Anderson County by appellee, as receiver of the International & Great Northern Railroad Company, appointed by a decree of that court, to recover possession of the property of that corporation in the hands of appellants as receivers appointed by a decree of the District

Court of Smith County. The case was submitted below to the judge without a jury, who filed the following as his conclusions of law and fact:

"Conclusions of fact:

"The facts are of record, and so far as they affected the rulings made and judgment rendered upon the trial of this cause, are undisputed. I shall state only the facts upon which the judgment is based.

"1. · It appears from the record that plaintiff claims title to the possession of the International & Great Northern Railroad and its properties by virtue of orders of the District Court of Anderson County appointing and qualifying him as receiver of such property.

"2. That defendants assert right to the possession of the same property under prior orders of the District Court of Smith County, constituting them receivers thereof.

"3. It appears affirmatively from the record of the proceedings in the District Court of Smith County, resulting in the appointment of defendants, that the property sought to be placed in their hands was and is that of a railroad corporation, organized and acting under the laws of Texas, and whose property was and is situated in this State; and that at the time such proceedings were instituted and when the various appointments of defendants were made, such corporation had its principal office established, not in Smith County, but in Anderson County.

"Conclusions of law:

"From these facts I conclude, first, that the District Court of Smith County had not jurisdiction to make the appointment of receivers, as attempted, and that its orders, under which defendants claim, are void; and, second, that the District Court of Anderson County did have jurisdiction to make the appointment of receiver, and that, by virtue of its orders appointing him, plaintiff was invested with the right to the possession, control, and management of the property sued for, and is therefore entitled to recover it from the possession of defendants."

If the conclusion of the court below that the District Court of Smith County did not have jurisdiction to appoint a receiver of the property of the corporation be correct, then the judgment below should be affirmed. For if the appointment be void, the appellants are in possession of the property without authority of law, and appellee is entitled to recover it. If, on the other hand, the court of Smith County had authority to make the appointment, then the appointment of appellants must be held valid and their possession of the property legal, and the property must be considered in the custody of the court which appointed them and not subject to be interfered with by the action of any court of co-ordinate jurisdiction.

The determination of the question depends upon the construction of section 13 of the act of the Twentieth Legislature concerning receivers, approved April 2, 1887. The section reads as follows:

"If the property sought to be placed in the hands of a receiver is a corporation whose property lies within this State or partly within this State, then the action to have a receiver appointed shall be brought in this State in the county where the principal office of said corporation is located."

The question is, was it the intention of the Legislature in the enactment quoted to take from all courts in the State the power to appoint a receiver of the property of a corporation except those in which the principal office of the company is situated, or merely to confer upon the corporation the privilege of having receivers of their effects appointed in the county of the general office? It is contended on behalf of appellee that the intention was to deny power absolutely to all but the one court, and it is insisted that there are considerations of public policy underlying the statute which make this intention apparent. It is argued that in passing the act under consideration the Legislature had prominently in view the appointment of receivers of railroad companies, and that the injustice and inconvenience which had resulted from the appointment of receivers of such corporations at places remote from their general offices were recognized by the Legislature and were sought to be remedied by the statute. It is claimed that by the appointment of receivers in the county of the general office of a corporation fraud may be prevented, and that the affairs of the corporation will be managed more to the interest of the public at large. The fallacy of the argument consists in the assumption of the premises upon which it is based. Does it tend to prevent fraud between the managers and lien creditors of a railroad company in the appointment of a receiver, to require absolutely that no court shall appoint him except a court of the county in which the principal office of the company is situated? If so, how does it prevent it? If the managing officers of such a corporation and its bondholders conspire together to place its property in the hands of a receiver, why can not this be as speedily and effectually accomplished in any one court as in another? We see nothing in the requirement as to venue to prevent such a result. Then, again, let us ask, in what way does a provision that a receiver shall be appointed by a court of the county in which the company's principal office is located tend to subserve the public interest? If the requirement was that the receiver should be a resident of that county, or should abide or make his office in the county during the term of his appointment, we could see some reason for it. But such is not the requirement of the statute. It merely provides that if the property lies within the State the receiver shall be a bona fide citizen and qualified voter in the State. Laws Twentieth Leg., p. 120, sec. 2. Hence it follows that it is not true, as the appellee's argument seems to imply, that the law was intended to secure the appointment of a receiver resident in the county of the principal office of the corporation. There is nothing in the law to have prevented the District Court of Smith County, if it

had jurisdiction, from appointing appellee, nor to preclude the District Court of Anderson County from appointing appellants.

Looking at the statute from another standpoint, we do not see a reason why the Legislature may have deemed it proper to confer upon railroad companies the privilege of being proceeded against for the appointment of receivers of their property in the counties of their principal offices only. We do not concur in the proposition that in fixing the venue of ordinary suits a purpose is manifested to disregard their rights or to embarrass them in the defense of actions brought against them. In determining the venue of such suits it was the duty of the Legislature to consider the rights and interests of the citizens as well as those of the companies, and to so frame the law as to afford the former a fair opportunity to prosecute and maintain their actions, and in such a manner as not unreasonably to embarrass the companies in making their defenses.

It is a necessary incident to the operation of a railroad that claims for injuries to persons and property, for loss and damage to goods in transit, as well as for many other wrongs, arise all along its line of road. These claims are frequently small in amount.

It results from this state of affairs that if each claimant was required to bring his suit in the court of the county where the principal office of the company is situated, it would in many cases work a practical denial of justice. The expense of prosecuting their suits in a distant forum would preclude many poor men with just claims from litigating their rights, and in cases where the demands were small, would make it folly for those who are pecuniarily able to attempt their enforcement in the courts. The practical result of the statute as it exists is almost universally to cause the action to be brought at some place on or very near the company's line, where it may make its defense at comparatively little expense.

Section 21 of article 1198 of the Revised Statutes reads as follows:

"Suits against any private corporation, association, or joint stock company may be commenced in any county in which the cause of action or a part thereof arose, or in which such corporation, association, or company has an agency or representative, or in which its principal office is situated. And suits against any railroad corporation * * * may also be brought in any county through or into which the railroad of such corporation extends or is operated."

It seems to us that in thus departing from the general policy of the statute, manifested by the requirement that gives to a defendant the privilege of being sued in the county of his residence, the Legislature has carefully weighed the rights of the railroad companies as well as those of the citizens, and have restricted the privilege of the former no further than the demands of justice required. It follows that in

our opinion the assumption that the legislation upon this subject manifests an unfriendly spirit toward corporations can not be maintained, and that the argument that section 13 of the Act of 1887 is to be construed as if imbued with the same spirit falls to the ground.   We repeat, then, that there does not appear a good reason why it may have been thought proper to restrict the operation of section 21 of article 1198, quoted above, and to confer upon corporations the privilege of being sued for the appointment of receivers in the counties of their principal offices only.   In such actions the reasons for extending the venue to other counties no longer exist.   Suits for the appointment of receivers are from the very nature of the case infrequent, and the plaintiffs are ordinarily abundantly able to prosecute their actions as well in the proper court of the county of the defendant's principal office as in any other forum.

There being no reason for restricting the privilege of the defendant in such cases, there is good reason why there should be a return to the general policy of the venue statutes, and to require, if the defendant shall so demand, that suits for the appointment of a receiver of a corporation shall be brought only in the county of its principal office, which, by analogy of law, is the county of its residence.   Therefore, if we look to the reason and spirit of the law under consideration, they would indicate rather that by section 13 the Legislature intended to confer a privilege upon the defendant than that it intended absolutely to deprive any District Court of the State of the power and jurisdiction to appoint a receiver in the event the defendant waived the question of venue.

Recurring, then, to the language of section 13, if the act stood alone, if there were no other statutes *in pari materia*, if there were no authoritative constructions of similar statutes, and if there were no constitutional restrictions in the way, it might be held that the construction claimed by appellee is correct.   The language "shall be brought * * * in the county where the principal office of said corporation is located," when literally construed, implies that it shall not be brought elsewhere. But we have had, and still have, statutes fixing the venue of causes, not less mandatory and not less plain in their terms, which have been construed not to deprive any District Court of the jurisdiction conferred by the Constitution, but merely to confer a privilege upon the defendant to confine the jurisdiction to the courts of the counties specified in the statute.   The counsel for appellee with all their industry and research have cited us to no case in this court in which a contrary ruling has been made.

In De la Vega v. League, 64 Texas, 214, it is said:  "Our statutes in force at the time the reconvention was filed provided that suits for the recovery of land should be brought in the county where the land or a part thereof is situated.   This is one of the exceptions to the general rule requiring suits to be brought in the county of the defendant's residence.   This requirement is not a matter that effects the jurisdiction of

the District Courts over the subject matter of controversies about the title or possession of lands. Every District Court in the State has cognizance of such suits; the requirement as to the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived like any other privilege of this character." The language of the act referred to in the opinion is:

"11. In cases where the recovery of land or damages thereto is the object of the suit; in which cases suit must be instituted where the land or a part thereof is situated." Pas. Dig., art. 1423. The same ruling was made in Ryan v. Jackson, 11 Texas, 391, and was subsequently approved in Morris v. Runnels, 12 Texas, 176. In Cavanaugh v. Peterson, 47 Texas, 206, Chief Justice Roberts says: "The statute provides for a mortgage on land to be foreclosed in the county where the land is situated. It does not follow from that that a judgment of foreclosure would be void if it was foreclosed in another county, the District Court having general jurisdiction of the subject matter." The principle has been recognized in the following cases: Hutchins v. Chapman, 37 Texas, 612; Burnley v. Cook, 13 Texas, 585; Pool v. Pickett, 8 Texas, 122; Masterson v. Cundiff, 58 Texas, 472; Beazley v. Denson, 40 Texas, 416; Lewis v. Davidson, 51 Texas, 251; Kendall v. Hackworth, 66 Texas, 499.

The doctrine was again very distinctly recognized in The State v. Snyder, 66 Texas, 687, as applied to a statute which specially provided that suits to set aside certain sales of school lands should be brought in the District Court of Travis County. In the opinion in that case, the present Chief Justice says: "District Courts under the Constitution having jurisdiction over the subject matter of such an action, the State, as might any other plaintiff, might maintain such an action in any county in the State, in so far as jurisdiction over the subject matter is concerned."

In cases of doubt statutes *in pari materia* are to be construed together. When language in a statute has been construed by the courts, and the same language is used in a subsequent statute relating to the same subject matter, it is presumed to have been adopted with the interpretation previously placed upon it by judicial construction.

In view of the previous decisions of our courts upon similar statutes and these rules of construction, we do not hesitate to hold that section 13 of the Act of April 2, 1887, was intended to confer upon corporations the privilege of having suits for the appointment of receivers of their property instituted in the counties of their principal offices, and not deprive any District Court of the power of making such appointment in the event the corporation failed to plead its privilege.

It follows that we are of opinion that the District Court of Smith County had jurisdiction to appoint the appellants receivers of the prop-

erty of the International & Great Northern Railroad Company when it made its decree to that effect.

This view of the case renders it unnecessary to pass upon several questions presented in the briefs and arguments of counsel. Since we hold that it was not the intention of the Legislature to deprive the District Courts other than those of the counties in which the corporations of the State have their principal offices of power to appoint receivers of their property, it is not necessary to decide whether the Legislature has the power to take away that jurisdiction or not. Upon that point we give no opinion.

Nor do we decide whether or not section 13 was intended to apply to all receiverships of the property of corporations, or only to cases of insolvent corporations in which the corporation itself and all its assets are taken into the hands of the court for the purpose of winding up its business.

There is, however, one other question raised by appellee which it is necessary briefly to consider. The history of the litigation is as follows: On the 4th of February, 1889, Jay Gould brought an action of debt against the International & Great Northern Railroad Company in the District Court of Smith County for about the sum of $450,000.

On the 11th day of the same month the Missouri, Kansas & Texas Railway Company, claiming to be a stockholder of the former company, intervened in the suit and asked the appointment of a receiver. On the same day J. W. Mitchell and others, claiming to be creditors, also intervened and also asked that a receiver be appointed. On the 16th receivers were appointed upon the application of the Missouri, Kansas & Texas Company, the court being in doubt as to its power to appoint upon the application of the other intervenors. They were, however, permitted to prosecute their pleas of intervention in the suit. On March 11, 1889, Gould obtained a judgment, which was declared a lien upon the earnings of the defendant company. Thereupon the intervening corporation immediately withdrew its plea of intervention, and Gould filed a motion that the receivers be continued, which was granted.

The petition asking the appointment of a receiver was filed in the District Court of Anderson County on March 22, 1889. It is now insisted that when the Missouri, Kansas & Texas Company withdrew its intervention the receivership was vacated, and that the authority of appellants therefore dates from a period subsequent to the time that the proceedings were commenced in the Anderson County District Court. It is argued that since, at the time the proceedings were instituted under which appellants hold their appointment, the suit for the appointment of a receiver had been instituted in the District Court of Anderson County, the former court had lost its jurisdiction of the subject matter of the receivership, and that therefore appellants' appointment is void. We think,

however, that the jurisdiction of the Smith County court dates from the first application and that appellants' authority is derived from the first appointment. The withdrawal of the intervening corporation from the suit did not vacate the receivership, although the appointment was made upon its application. Immediately upon the withdrawal of the plea of intervention the receivership was continued upon the application of the plaintiff. Whether these proceedings were regular or not we need not determine. Whether they were erroneous or not we need not determine. They were not void, and therefore the possession of appellants of the property placed in their hands by the order of that court is legal, and they can not be dispossessed at the suit of another receiver appointed at a subsequent time by another court of co-ordinate jurisdiction.

In determining this case we have individually read and considered the numerous able arguments of counsel, together with the elaborate and well considered opinion of the learned judge who tried the case below, and upon consultation have arrived at the conclusion that the law is with appellants, and that the judgment should be reversed and here rendered for them.

*Reversed and rendered.*

Delivered June 28, 1889.

Motion for rehearing was transferred to Tyler Term and there overruled.