Fort Worth Board of Trade v. Owen J. Cooke et al.

No. 1052.

1. **Venue — Waiver of Written Contract.** — Parties residing in one county gave a bond to secure a contract for the construction of a building in another county, stipulating therein that a suit for breach of the bond might be instituted in such other county. *Held,* in such suit on the bond by the obligee, that defendants' plea of privilege to be sued in the county of their residence was not tenable.

2. **Same—Statute not Applicable.**—Such waiver and agreement does not come within the inhibition contained in article 1347a, Sayles' Civil Statutes, invalidating agreements for acceptance of service, waiver of process, entry of appearance, or confession of judgment.

Appeal from Tarrant. Tried below before Hon. R. E. Beckham.

*Wynne, McCart & Booty,* for appellant.—The privilege of being sued in the county of one's residence may be waived by the terms of a contract, and such waiver will be enforced by the courts; and in construing contracts or statutes, courts will look at the intent and give effect to it, even though it do violence to the mere verbiage of the act or contract.

3 Willson's C. C., sec. 109; Bish. on Cont., secs. 380, 381; 1 Wait's Act. and Def., 116–120, 124; Russell v. Farquhar, 55 Texas, 359; McInery v. Galveston, 58 Texas, 340; Lufkin v. Galveston, 63 Texas, 407; Warren v. Shuman, 5 Texas, 456; Rev. Stats., art. 1347a; Grubbs v. Blum, 62 Texas, 426; Strasberger v. Heidenheimer, 63 Texas, 5; Mikeska v. Blum, 63 Texas, 44; Morris v. Bank, 67 Texas, 603; Kneetle v. Newcomb, 22 N. Y., 249; Curtis v. O'Brien, 20 Iowa, 356; Maxwell v. Reed, 7 Wis., 582; Recht v. Kelley, 82 Ill., 147; Bowman v. Smiley, 31 Pa. St., 225; 72 Am. Dec., 741, 745; 6 Wait's Act. and Def., 714.

No brief for appellees reached the Reporter.

TARLTON, Chief Justice.—Appellant, a corporation, brought this suit against one Owen J. Cooke, whose residence was alleged to be unknown, and who is insolvent, and against S. B. Hopkins, P. J. Butler, John P. Davidson, and Hugh Blakeney, as residents of Dallas County, Texas.

The four defendants last named pleaded their privilege to be sued in Dallas County, and the court sustained this plea. The correctness of this action constitutes the only question for our consideration.

The plaintiff's petition alleges, that on June 9, 1888, appellant made a contract with Owen J. Cooke, wherein it was provided that said Cooke should construct for it a certain building, particularly described, and at Fort Worth, Texas. The terms of this contract it is unnecessary to state. The defendant Cooke, as principal, with the remaining defendants as sureties, entered into a bond, whereby they obligated themselves to and with the appellant that Cooke would construct the building according to the terms of the contract. This bond contained the following stipulation: "And said principal and sureties further obligate themselves to pay any and all attorney fees, charges, or expenses which the said Board of Trade may incur by reason of being compelled to sue on this bond, and agree that in case they shall be sued on said bond, said suit may be instituted and maintained in any court in Tarrant County, Texas, having jurisdiction of the amount sued for. Witness our hands this —— day of June, 1888." Signed by all defendants.

The petition further alleged a breach of the contract, with the particulars thereof, by Cooke, and it declared upon this bond.

We think that the conclusion sustaining the plea of privilege is erroneous. The right to be sued in the county of one's residence is a privilege which can be waived. Bonner v. Hearne, 75 Texas, 252. We see no substantial reason for refusing recognition to the stipulation whereby the defendants agreed that a suit should be maintained in Tarrant County on a bond providing against the breach of a contract to be performed in that county. The learned trial judge probably founded his conclusion upon the

provisions of article 1347a of our Revised Statutes. The mischief to which the remedy there prescribed was addressed was not, we think, within the scope of the stipulation relied upon by the appellant. The article cited in terms forbids the authorization by agreement of the acceptance of service and waiver of process, or the entry of appearance in open court, or the confession of judgment. It does not extend beyond the matters named, none of which enter into the waiver agreed to by the defendants herein. Indeed, we think that the validity of this waiver is recognized by the reasoning of the court in Grubbs v. Blum, 62 Texas, 426, and Morris v. Bank, 67 Texas, 663. While the specific character of contract there considered would have now to be condemned, this result is due to the adoption of the article above cited. The agreement in question is not attended with the harsh features which brought about the statutory denunciation of the contracts construed in those cases, nor, as we have seen, does it come within the terms of the inhibition.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 14, 1894.