### TEXAS MOLINE PLOW CO. v. BIGGERSTAFF. (No. 952.)

(Court of Civil Appeals of Texas. Amarillo. March 29, 1916.)

1. CORPORATIONS ⟐503(1) — ACTIONS FOR BREACH OF CONTRACT—VENUE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, § 5, providing that where a person has contracted in writing to perform an obligation in any particular county suit, may be brought either in such county or where the defendant has his domicile, and section 24, providing that suit against any private corporation may be commenced in any county in which the cause of action, or a part thereof, arose, or in which the corporation has an agency or representative, or in which its principal office is situated, a corporation cannot be sued in a county in which it had never had any agent or representative, except traveling men, for breach of a written contract of sale made in the county in which the corporation had its domicile, office, and principal place of business, and which contract provided that the goods should be delivered on board cars outside the state and all payments should be made in the county of the corporation's residence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1935, 1937–1939, 1942; Dec. Dig. ⟐503(1).]

2. CONTRACTS ⟐127(4) — FIXING PLACE OF TRIAL—VALIDITY.

A stipulation in a contract of sale fixing a venue of any suit growing out of it is valid.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 612; Dec. Dig. ⟐127(4).]

Appeal from Childress County Court; Frank M. Freeman, Judge.

Action by E. L. Biggerstaff against the Texas Moline Plow Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded, with instructions to transfer to the proper county.

Fires & Diggs, of Childress, for appellant. Jos. H. Aynesworth, of Childress, for appellee.

HALL, J. Appellee, Biggerstaff, instituted this suit in the county court to recover alleged damages for the breach of a contract by appellant, entered into between them on the 21st day of October, 1912. It is alleged that by the terms of the contract certain goods were sold to him, and that shipment should be made, unless otherwise ordered, on the 1st day of February, 1913; that it was afterwards agreed that shipment should be made on January 1, 1913, but that defendant negligently, carelessly, and without just excuse, failed and refused to make the shipment until about the latter part of March, 1913, resulting in plaintiff's damage. The defendant duly filed its plea of privilege to be sued in Dallas county, alleging that it is a corporation; that its place of residence and domicile was at the time of filing the suit, of service of process upon it, and at the time of filing the plea, in the city of Dallas, in Dallas county; and that none of the exceptions to exclusive venue in the county of its residence existed.

The contract of sale provides that the goods purchased should be delivered on board the cars at Moline, Ill., that all payments should be made in Dallas, with express charges or by exchange on Dallas, St. Louis, and New York, and contains this paragraph:

"It is further covenanted and agreed that all rights, remedies and relief and all claims, causes of action or complaints, accruing or to accrue, to or by, for or against, either of the parties

or the party to this contract, from any cause or by reason of any breach or any failure of either party to comply with this, or any part of this, or any other contract, as well as all payments to be made under or in pursuance of this contract, or any other contract, shall be and are hereby made performable and recoverable in the city and county of Dallas."

[1, 2] C. B. Marsh, manager of appellant company, testified that the Texas Moline Plow Company was a corporation, having its domicile, principal office, and place of business in the city of Dallas, in Dallas county, Tex., and has at all times prior to and since the filing of this suit had its domicile, principal office, and place of business in said city; that it has never had any local agent, agency, or representative, except its traveling men, in Childress county, or in any other county in Texas, except Dallas; that it did not have any agent or representative in Childress county on April 6, 1914, and had no agency or representative in that county at any time since or prior to said date. R. S. Fields, the traveling salesman of appellant company, testified that he knew appellee and sold him the goods in question during the month of October, 1912, in Dallas, at the company's place of business, while appellee was attending the Dallas Fair; that the written contract was executed there at that time. These facts being undisputed, we think under article 1830, Vernon's Sayles' Civil Statutes, §§ 5 and 24, the plea of privilege should have been sustained. Upon another ground, the plea of privilege was good: The above-quoted paragraph, by agreement, fixed the venue of any suit growing out of a breach of the contract in Dallas county. Such a stipulation has been held valid in this state (Ft. Worth Board of Trade v. Cooke, 6 Tex. Civ. App. 324, 25 S. W. 330), and they are sustained by the weight of authority in other jurisdictions (State ex rel. Schwabacher Bros. & Co. v. Superior Court, 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C, 815 and note; Williams v. Branning, 154 N. C. 205, 70 S. E. 290, 47 L. R. A. [N. S.] 351 and note).

The judgment is therefore reversed, and the cause remanded, with instructions to transfer the same to the proper court of Dallas county.

Reversed and remanded.