HOWARD et al. v. BARTHOLD & CASEY, Inc.   (No. 6093.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1918.)

VENUE &#8630;32(2) — COUNTY OF DOMICILE—WAIVER OF RIGHT.

In view of Rev. St. 1911, art. 1830, subd. 5, parties to a bond had the right to waive the privilege of being sued in the county of their domicile, and were not precluded therefrom by article 2008.

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Action by Barthold & Casey, Incorporated, against J. R. Howard and others. Judgment for plaintiff, and defendants appeal. Affirmed.

C. C. Forry, of McAllen, and Tharp & Tharp, of Houston, for appellants.

R. W. Franklin, of Houston, for appellee.

FLY, C. J. This is a suit instituted by appellee, a private corporation, against J. R. Howard, a building contractor, as principal, and E. B. Ramsey and A. E. Stimson, as sureties, on a certain bond given by Howard to the board of trustees of the San Diego independent school district, to erect "a certain three-story brick public school building," to recover a balance of $1,655.80 due by said Howard for material used in the erection of a building for said trustees. Appellants pleaded their privilege to be sued in Harris county, Tex., which, upon a full hearing, was denied by the court. From that order this appeal has been perfected.

The bond was drawn under the provisions of article 6394f, Rev. Stat. (Vernon's Sayles' Ann. Civ. St. 1914), by which the bond is made to inure to the benefit of any laborer or furnisher of material for certain public buildings, and full provision is made in the succeeding articles of the chapter for suing and recovering on the bond. The bond has this provision:

"It is further agreed and understood by and between the parties, both principal and sureties, that in case of litigation on this bond, or in case of breach of said contract in any respect, or in any event the said trustees of San Diego independent school district deem it necessary to institute suit on this bond, or on said contract, all such suits may be instituted and prosecuted to final judgment against any and all of the parties hereto in any court of Duval county, Texas, which would in the absence of any statute fixing the venue of such suit, have jurisdiction of the same, and all parties hereto, both principal and sureties, waive the right, if any they have, to have suit or suits instituted and prosecuted in any other county than the said Duval county, Texas."

The provisions of the bond bring this case fully within the purview of exception 5 to article 1830, Rev. Stats., to the effect that a person may be sued in any particular county where he has contracted to perform an obligation; but, if not, the parties have fixed the venue by contract in a certain county, which they had the power to do. Parties undoubtedly have the power to waive the right to be sued in the county of their domicile, and there is no provision of the statute denying the right to make such waiver in advance of the institution of suit. The right is a personal one, and can, of course, be waived or contracted away before or after suit is instituted.

Article 2008, Revised Statutes, cited by appellants as prohibiting waiver of the privilege to be sued in a certain county before suit is instituted, has no application whatever to venue, but applies to acceptance of service and waiver of process in a contract. It is apparent that the reasons for the prohibition in article 2008 would not have any cogency in the case of privilege to be sued in the county of a person's domicile. The other authorities cited have no more pertinency or applicability than has the statute. The authorities in Texas fully sustain the right to waive privilege to be sued in the county of domicile in advance of the institution of any suit. Board of Trade v. Cooke, 6 Tex. Civ. App. 324, 25 S. W. 330; Whisenant v. Schawe, 141 S. W. 146; Plow Co. v. Biggerstaff, 185 S. W. 341.

The judgment is affirmed.