## ALLIS–CHALMERS MFG. CO. v. MITCHELL. (No. 2619.)

(Court of Civil Appeals of Texas. Amarillo. March 31, 1926. Rehearing Denied May 5, 1926.)

1. Equity ☞11—Fraud inducing delay in filing suit until overreaching party could first file suit in another county held sufficient ground for interference of equity.

Fraud and overreaching, whereby plaintiff's attorney was induced to delay filing suit for sufficient time to allow defendant to first file suit in another county, held grounds for equitable interference as to place for trial.

2. Venue ☞7.

Where notes were made payable in certain county, venue in such county in suit on notes became part of contract and contractual right rather than mere privilege.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by the Allis-Chalmers Manufacturing Company against Joe Mitchell. From a judgment sustaining defendant's plea in abatement, plaintiff appeals. Reversed and remanded.

Reeder & Reeder, of Amarillo, for appellant.

Paul Speer, of Amarillo, and Carl Gilliland, of Hereford, for appellee.

RANDOLPH, J. Because of error in our original opinion we withdraw such opinion and substitute the following:

The attorney for appellant had in his hands for collection certain notes payable to the order of appellant and executed by appellee. Such attorney had prepared a petition for the purpose of filing suit in behalf of appellant and against appellee on said notes. It was the intention of said attorney to file same on that day, July 27, 1925, with the clerk of the district court of Potter county, Tex. On said July 27th, anticipating the filing of said suit by said attorney, the appellee made his appearance in the office of that attorney and proposed some kind of a settlement of said indebtedness to avoid litigation over same. Appellant's attorney and appellee agreed on two propositions of set-

tlement, and appellee requested said attorney not to file said suit until he had time to secure a mechanic at Hereford to go and look over his tractors to determine what it would cost to repair them in order that he might decide which of appellant's propositions he would finally accept, and appellant's attorney agreed to such delay. Appellee phoned from Hereford the night of July 27th to appellant's attorney, and stated that he would be delayed on account of rains having fallen in Castro county where his tractors were, and that it would take some time to attend to the matter and reach them, and further requested that he take no action in filing suit in Potter county until July 29th, which appellant's attorney agreed to. On the morning of July 29th, appellee appeared in Amarillo and had appellant's agent served with citations issued out of the two suits in Castro county which he had filed, and then called appellant's attorney over the telephone and informed him that he (appellee) would not accept either of his propositions.

While in Amarillo on July 27th appellee advised with one of the attorneys now representing him in these suits, and, while it does not appear that he closed his employment of said attorney at that time, it does appear that he came into possession of the information that it was necessary for him to file suit or suits he was then contemplating against the appellant before the appellant could file its suit in Potter county in order for him to enforce jurisdiction in the district court of Castro county. Proceeding to Hereford he employed an attorney there, by whom he was fully informed of the necessity for haste in the filing of his suit, and such attorney prepared at his request two petitions for filing in Castro county district court. The appellee carried such petitions to Castro county, filed them with the clerk of the district court of Castro county on July 28th, had citations to issue, and brought them to Amarillo and had them served on appellant's agent as stated above. We wish to say here that in so far as the misrepresentations charged against appellee in securing the delay of the filing of the suit against him by appellant's attorney, the record does not disclose that his attorneys knew of them or had anything to do with his deceiving the appellant's attorney.

Charging that it had been deceived and overreached, appellant's attorney, on July 29th, took the petition in this cause to the clerk of the district court of Potter county, and, advising him of the facts, requested that he file such petition as of date July 27th, the day he intended filing same. There being some question as to the numbering on the file docket, the clerk and attorney agreed that such petition should be filed as of July 28th, which was accordingly done.

When the case was called in the district court of Potter county, appellee appeared and

filed his plea in abatement, setting up the pendency of the suits in Castro county at the time of the filing of the suit at bar, and praying the district court of Potter county to abate this suit. In said plea appellee set up the filing of this suit as of right on July 29th, instead of July 28th, which would give him one day priority in the time of the filing of said suits.

In reply to appellee's plea in abatement appellant filed his sworn answer setting up (1) general exception on the ground that no facts are alleged in said plea to show that the district court of Castro county has jurisdiction over the plaintiff, nor that the venue can be maintained in either of said suits pending in Castro county; also, a general denial and a special plea in bar setting up the occurrences above related, and charging that "but for the fraud and deceit, false promises, and trickery of appellee practiced on appellant and its attorney, with the specific intent and purpose to induce the appellant and its attorney to delay filing this suit in order for appellee to obtain the advantage of getting his suit filed in Castro county at a date prior to the filing of this suit by appellant," appellant would have filed its suit on July 27th in the district court of Potter county. Appellant also prays the court that the court enter its order directing the clerk to file its original petition as of July 27, 1925, and that appellee's plea in abatement be in all things denied.

The questions presented for our decision are: (1) Do the facts alleged with reference to the inducement of the delay in the filing of the appellant's petition in the case at bar furnish grounds for equitable relief as prayed for; and (2) should this suit be abated? "The absence of precedents, or novelty incident presents no obstacle to the exercise of the jurisdiction of a court of equity. It is the distinguishing feature of equity jurisdiction that it will apply settled rules to unusual conditions and mold its decrees so as to do equity between the parties. But while this is true, yet the facts of the case must come within some head of equity jurisdiction." 21 C. J. p. 35. Whether or not that jurisdiction will be exercised depends upon the further question, Is there threatened injury to a substantial property, contract or civil right? 21 C. J. p. 36. It is also said that a legal remedy lost through accident of fraud will not bar relief in equity. 21 C. J. p. 48.

[1, 2] By the false representations, promises, and the deceit practiced upon appellant's attorney, whereby such attorney was induced to delay the filing of the suit against appellee, appellee was guilty of such fraud as calls for the interposition of the equity powers of the court. We have concluded, also, that, under the authorities, the right to bring suit in Potter county, as provided for in the notes executed by the defendant, is

not only a valuable right, but it is also a contractual right and not a mere privilege.

Judge Huff, in the case of Merchants' Reciprocal Underwriters v. First National Bank (Tex. Civ. App.) 192 S. W. 1098, 1102, where it was expressly agreed in a written contract that all suits or actions against the insurance company growing out of that contract should be brought in Dallas county, held:

"This right is a valuable one which the courts will respect when properly invoked or insisted upon. Where parties enter into a written contract to perform an obligation in a particular county, suit may be brought therein, and such an agreement is valid and enforceable. * * * It is the rule in most jurisdictions that the parties to an action may make a valid and binding agreement to fix the venue of an action in a particular county. * * * While parties cannot by agreement or waiver confer jurisdiction on courts as to the subject-matter, it is generally recognized that a defendant may waive his privilege to be sued in a particular county. It seems to us, where the venue stated gives to plaintiff the right to bring his suit in two or more places, he has the right of election as to which place he will institute the proceedings, and that, having the right of election, if he should enter into an agreement that he will bring the suit in one of the particular places permitted by the statute, and not elsewhere, such a contract should be held to be legal, and that courts should enforce such a contract in so far as to compel plaintiff to litigate his right in the county he agreed it should be."

In the case of Texas Moline Plow Co. v. Biggerstaff (Tex. Civ. App.) 185 S. W. 341, 342, in passing upon the provision of a written contract requiring all matters of breach, etc., of the contract to be performable and enforceable in Dallas county, Judge Hall, speaking for this court, says:

"The above-quoted paragraph, by agreement, fixed the venue of any suit growing out of the breach of the contract in Dallas county. Such a stipulation has been held valid in this state (Fort Worth Board of Trade v. Cooke, 25 S. W. 330, 6 Tex. Civ. App. 324), and they are sustained by the weight of authority in other jurisdictions."

The defendant in the case at bar entered into a contract in writing as contained in the two notes sued on, and expressly provided therein that said notes were to be payable in Amarillo, Tex. This provision in the notes as to the place of payment fixes the venue and becomes a part of the contract for the payment of the money. For that reason the fixed venue becomes a contractual right and not a mere privilege.

We therefore grant appellant's motion for rehearing, and set aside the judgment of affirmance heretofore entered by this court, and now reverse the judgment of the trial court and remand the cause for trial in that court.