**FIDELITY UNION LIFE INSURANCE COMPANY, Petitioner,**

v.

**Leland EVANS, Respondent.**

No. B–2918.

Supreme Court of Texas.

March 1, 1972.

Rehearing Denied April 5, 1972.

Andress & Woodgate, William Andress, Jr., Dallas, for petitioner.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Joe Hill Jones and John E. Agnew, Dallas, for respondent.

POPE, Justice.

Fidelity Union Life Insurance Company instituted this suit in Dallas County, where its principal office is situated. It sought to enjoin Leland Evans, one of its former agents, from engaging in competitive business in violation of an employment contract. Evans, a resident of Travis County, urged his plea of privilege to have the case tried in Travis County. He relied upon the venue provisions of Article 1995, § 30, and Article 4656, Vern.Tex.Civ.Stat. Fidelity relied upon Evans' agency contract which provided that an injunction suit could be maintained in Dallas County. The trial court sustained Evans' plea of privilege and ordered the cause transferred to Travis County. The court of civil ap-

peals affirmed that order. 468 S.W.2d 869. We also affirm.

In April, 1968, Evans and Fidelity executed an amendment to Evans' agency contract, originally executed in 1960. The new agreement included this venue agreement:

> For violation of this provision agent agrees that the company shall be entitled to an injunction to be issued by the District Court of Dallas County, Texas, enjoining and restraining the agent, and each and every person or firm concerned therein, from the continuance of such employment, service, or other aid in a business of such rival company or concern, this to be in addition to any other remedy at law or in equity available to the company.

The agreement providing for venue in Dallas contravenes the venue provision found in the injunction statute. Article 4656 says that writs of injunction granted against an inhabitant of this state, "shall be returnable to and tried in the district or county court of the county in which such party has his domicile." We have held that this venue provision is mandatory and is controlling over other statutory exceptions to the venue statute when, as in this case, the injunction is the principal relief sought by the action. Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (1957).

The courts below relied upon International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630 (1919), in which we held that an advance agreement about venue may not contravene the statutory scheme for fixing venue. Fidelity urges that the decision of the court of civil appeals in this case is in conflict with Howard v. Barthold & Casey, 206 S.W. 378 (Tex.Civ.App.1918, no writ); Merchants' Reciprocal Underwriters v. First Nat. Bank, 192 S.W. 1098 (Tex.Civ.App.1917, no writ); Texas Moline Plow Co. v. Biggerstaff, 185 S.W. 341 (Tex.Civ.App.1916, no writ), and Ft. Worth Board of Trade v.

Cooke, 6 Tex.Civ.App. 324, 25 S.W. 330 (1894, no writ).

The cases relied upon by Fidelity were decided prior to Branum and were not mentioned in that decision. Fidelity says they were not disapproved because they stand for the principle that venue choices may be expanded by the agreement of parties, whereas statutory choices may not be restricted. Fidelity concludes that its contract with Evans expanded the choices for venue; it permitted the plaintiff to bring suit either in the county of defendant's domicile, as provided by Article 4656, or in Dallas County in accordance with the contract.

■ At least with respect to Howard v. Barthold & Casey, *supra*, and Merchants' Reciprocal Underwriters v. First Nat. Bank, *supra*, it behooves us to comment upon Article 1995, § 5. That exception gives contracting parties the right to agree upon venue; the exception, however, is limited to a situation in which the obligation sued upon is to be performed in the particular county of venue. Southwestern Investment Company v. Shipley, 400 S.W. 2d 304 (Tex.1966); Clark, Venue in Civil Actions, 45 (1953); 1 McDonald, Texas Civil Practice, § 4.11.5 (1965). With this limitation in mind, it is understandable that in Merchants' Reciprocal Underwriters v. First Nat. Bank, *supra*, venue was correctly held in Dallas, because the suit was brought where the obligation sued upon was to be performed. The court relied upon Article 1830, § 5, Tex.Rev.Civ.Stat. (1911), which was the predecessor to Section 5 in the present venue statute. The same is true about Howard v. Barthold & Casey, *supra*. Biggerstaff was decided upon the basis of Art. 1830, § 24, Tex. Rev.Civ.Stat. (1911) which provided that suit against a corporation may be brought in the county where its principal office was situated. It is understandable that these cases were not mentioned in the Branum opinion since they correctly decided the venue issue under the provisions of the venue statutes and not by reason of an

agreement which contravened those provisions. Dicta is found, however, in these cases supporting Fidelity's position. In so far as those statements are contrary to this opinion, they are disapproved.

Ft. Worth Board of Trade v. Cooke, *supra*, so far as appears from the opinion, was not decided under the provisions of the venue statute in effect at that time. On its face, that decision conflicts with the present decision of the court of civil appeals. See State v. Wynn, 157 Tex. 200, 301 S.W.2d 76, 79 (1957); Christy v. Williams, 156 Tex. 555, 298 S.W.2d 565, 567 (1957). The court, in Cooke, held that parties could agree upon venue without regard to the venue statute. By reason of the conflict between that decision and the decision of the court of civil appeals, this court has jurisdiction of this venue case. Art. 1728, § 2, Vern.Tex.Civ.Stat.

This court faced substantially the same problem in International Travelers' Ass'n v. Branum, *supra*. In that case, the defendant accident insurer unsuccessfully relied upon a term in its policy to fix Dallas County as exclusive venue for an action against the company. The venue statute, on the other hand, permitted the plaintiff to bring his action in the county of his own residence or in any county in which the defendant had an agent or representative. The court posed this question for decision: Whether a statute giving a plaintiff the right to sue in several counties can be overridden by a contract undertaking to deprive him of that right. The court held that the venue statute prevailed over the agreement, saying that venue is a matter of general convenience and expediency, whereas contracts which change the venue rules disturb the symmetry of the law. The court also held that a citizen is entitled to the protections which all the law affords him, including his right to be sued at the place fixed by the general law. The opinion of the court of civil appeals in our case gives other policy reasons for respecting the statutory venue rules rather than private contractual arrangements which change the effect of those rules. See also Annot., 56 A.L.R.2d 300 (1957). Cf., Annot., 69 A.L.R.2d 1324 (1960).

Fidelity says that its contract is different from the one in Branum since it does not restrict venue to an exclusive county but permissively gives the insurer an additional county from which to select the venue. We do not consider this a sound reason for distinguishing Branum. A contract which, in advance of trial, places the power in one of the contracting parties to select either the county authorized by the venue statutes or a county which violates that scheme is of slight difference from the one repudiated in Branum. The party possessed of the contractual right to violate the uniform venue law would surely, as in this case, exercise that contractual power when it is to his advantage to do so. Venue for the trial of a lawsuit depends upon the nature of the suit and the parties; it is a matter of public concern and the venue statutes are structured in accord with a number of public policy principles. Bonner v. Hearne, 75 Tex. 242, 12 S.W. 38 at 39 (1889).

We hold that the fixing of venue by contract, except in such instances as permitted by Article 1995, § 5, is invalid and cannot be the subject of private contract. Clark, Venue in Civil Cases, 9 (1953). We disapprove the decision in Ft. Worth Board of Trade v. Cooke, *supra*, as well as the dicta in the other three cases upon which Fidelity relies.

Article 4656 placed venue for an injunction suit in the county in which defendant Evans had his domicile; we hold that a variance of that statute is not the subject of private contract. The judgments of the courts below are affirmed.

McGEE, J., dissents.