**BRISTOL–MYERS SQUIBB COMPANY and CBI Medical, Inc., Appellants,**

v.

Tonya Lynne GOLDSTON and Foy Goldston, Melba Adams Currence and James Currence, Linda Ancell and Gregory Ancell, Lea Ash and Danny Ash, Robin Berryman, Merry Angela Blair, Julie Bolduc, Kimberly Boyle and Rick Boyle, Kenda Castles and Mike Castles, Helen Maxine Cely, Rosemarie Chapman and Jackie Chapman, Danell Cook and David Cook, Patricia Den, Janie Edwards and G. Don Edwards, Karen Fenoglio Johnson and Charles Johnson, Gerry Gamboa and Tony Gamboa, Kathy Gary and James Gary, Toni Halady and Robert C. Halady, II, Mable Jean Hall and T.E. Hall, Martha Harbison and Garett Harbison, Bettye Jill Hendrickson and William Hendrickson, Bonnie Hodges, Amelia Kay Hoyt and David Hoyt, Shelly Jackson and Richard Jackson, Janis Gayle Johnson and Bob Johnson, Mary Elizabeth King and John King, Doris Kinzer and Albert Kinzer, The Estate Of Sallie Lou Knox, Lynda Lynch and Jackey Lynch, Daphne Marsh and Leroy Marsh, Bonita May and Jimmy May, Elizabeth McCown and Harlan McCown, M. Sharon McNett and Ronnie McNett, Cathy Mills and Gary Mills, Dottie Murphy, Arrilia Parker and Donald Parker, Edith Rickels and Alvin Rickels, Jean Renee Routon and Arthur Edward Routon, Dorothy Scheurer and Robert Scheurer, Jo Schmid and David Schmid, Barbara Schoyen and James Schoyen, Sr., Patty Shipman and Ronnie Shipman, Paula Spruiell and Stan Spruiell, Nancy Staley, Jo Lynn Stokley and Gerald Stokley, Jane Styles and David Styles, Kimberly Taylor and Michael Taylor, Cloma Thompson and Jim Thompson, Patricia Thompson and Gerald Thompson, Audrey Torblaa and Robert Torblaa, Mary Van Derzee Emberlin and Alva Emberlin, Mary Watkins, Melynda Weaver and Richard Weaver, Linda Wilson, Belinda Worley and Ruben Worley, Donna Allen, Darlene Alderman, Lana Bumpas, Laura High, Janet McShan, Raymond Leon Hodges, Pam Koetter, Lisa Lois Price, Marian Stanley, Judy Strange, Carol Woodard, Debbie Loafman, Jo Lynn Watkins, Pamela Cadle, and Dana Wilson, Appellees.

No. 2–97–249–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 11, 1997.

Rehearing Overruled Jan. 8, 1998.

**672**

Strasburger & Price, L.L.P., Brian G. Hamilton, S. Vance Wittie, Dallas, for Appellants.

J. Patrick Hazel, Austin, Hank Anderson, Wichita Falls, Turner Branch, Albuquerque, NM, for Appellees.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

DAY, Justice.

### INTRODUCTION AND HOLDING

This is an interlocutory appeal from the trial court's order denying appellants Bristol–Myers Squibb and Cbi Medical's [1] challenge to venue based on the joinder of multiple plaintiffs.[2] We are asked to decide whether, under a settlement opt-out agreement that allowed plaintiffs to opt-out and "retain all rights ... that existed prior to the ... agreement," pre–1995 or post–1995 venue law applies to the joinder of multiple plaintiffs. Because we find that the agree-

1. We will refer to appellants as Bristol–Myers.

2. There were over 100 plaintiffs that attempted to join the suit filed by appellee Tonya Goldston.

ment did not prevent post–1995 venue law from applying, we reverse the trial court's order.

### BACKGROUND FACTS

In a nationwide class action based on breast-implant, products-liability claims, a settlement agreement was reached. Goldston and the joining plaintiffs were class members. The settlement agreement contained a post-settlement, opt-out procedure that allowed class members to withdraw from the class and pursue their own lawsuits:

> Any Settlement Class Member who elects to opt out of the Agreement during the Second Opt Out Period ... *shall retain all rights under applicable law that existed prior to the execution and approval of this agreement.*

Goldston and the joining plaintiffs opted out.

Goldston filed suit in Wichita County on July 23, 1996. The joining plaintiffs then joined the suit. Relying on section 15.003, Bristol–Myers filed a motion to transfer venue to Dallas County, challenged the legality of joining the joining plaintiffs, and moved to strike the joinders. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (Vernon Supp. 1998). The joining plaintiffs asserted that pre–1995 venue law applied because of the language in the opt-out settlement agreement. The trial court agreed and refused to strike the joinders, specifically stating that its ruling was based on the application of pre–1995 venue law. Bristol–Myers filed an accelerated, interlocutory appeal. *See id.* § 15.003(c).

### THE PARTIES' CONTENTIONS ON APPEAL

On appeal, Bristol–Myers argues that post–1995 venue law applies because suit was filed after September 1, 1995, the effective date of the new venue law. Bristol–Myers asserts that the settlement agreement does not prevent the application of post–1995 law even in the face of the "all rights" language.

We will collectively refer to these parties as "the joining plaintiffs."

The joining plaintiffs counter that "all rights" includes venue; thus, the strict joinder requirements for multiple plaintiffs in the new venue statute do not apply, and Bristol–Myers has no right to an interlocutory appeal.

### THE LAW ON VENUE AND JOINDER

Before September 1, 1995, proper joinder for multiple plaintiffs was not addressed explicitly. However, joinder of multiple claims was regulated; thus, the old law provided for joinder of plaintiffs in one suit based on proper joinder of their claims:

> When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless one or more of the claims or causes of action is governed by one of the provisions of Subchapter B requiring transfer of the claim or cause of action, on proper objection, to the mandatory county.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3249, *repealed by* Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 10, 1995 Tex. Gen. Laws 978, 981.

In 1995, the Legislature restricted the joinder of multiple plaintiffs by passing current section 15.003:

> (a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
>
> (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
>
> (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

> (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.
>
> (b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:
>
> (1) establishes proper venue for the county in which the suit is pending; or
>
> (2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)-(b); *see also Masonite Corp. v. Garcia,* 951 S.W.2d 812, 818 (Tex.App.—San Antonio 1997, orig. proceeding & pet. requested) (noting that purpose of new venue law was to prevent forum shopping by multiple plaintiffs and allow an interlocutory appeal of a trial court's joinder determination). Under this new law, any party who is dissatisfied with the trial court ruling on intervention or joinder can file an interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c).

Thus, our main issue becomes whether pre–1995 or post–1995 law applies. If pre–1995 law applies, we have no jurisdiction over this appeal because that is not a proper remedy under the old law. But if post–1995 law applies, we have jurisdiction, and the joining plaintiffs must have independently established either proper venue or the four requirements of section 15.003(a), including essential need. *See* J. PATRICK HAZEL, TEXAS VENUE 62 (1996).

### DISCUSSION

■ The joining plaintiffs assert that the opt-out settlement agreement effectively froze their venue "rights" as of the date of the agreement, which was before 1995. The joining plaintiffs do not dispute that they filed their suit against Bristol–Myers in Wichita County after September 1, 1995. But they argue that venue is a "right" that is protected by the settlement agreement. We disagree.

■ First, venue is a procedural rule and not a substantive right. *See Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 142 (1951) (orig.proceeding) (stating venue statues are

merely for the parties' convenience); *Bristow v. Nesbitt,* 280 S.W.2d 957, 959 (Tex.Civ. App.—Eastland 1955, no writ). Thus, venue would not be included under the settlement agreement's "rights" language.

 Second, venue for the trial of a lawsuit depends upon the nature of the suit and parties; it is a matter of public concern, and the venue statutes are structured in accord with many public policy principles. *See Bonner v. Hearne,* 75 Tex. 242, 12 S.W. 38, 39 (1889). Because venue is fixed by law, any agreement or contract whereby the parties try to extend or restrict venue is void as against public policy. *See Fidelity Union Life Ins. Co. v. Evans,* 477 S.W.2d 535, 537 (Tex.1972); *International Travelers' Ass'n v. Branum,* 109 Tex. 543, 212 S.W. 630, 631 (1919); *cf. Accelerated Christian Educ., Inc. v. Oracle Corp.,* 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ) (holding forum-selection clause dictating venue in another state valid unless enforcement unreasonable or public interest favors jurisdiction in another, noncontracted-for forum). In other words, an advance agreement regarding venue may not encroach on the statutory scheme for fixing mandatory venue. *See Evans,* 477 S.W.2d at 536.

We doubt that the opt-out settlement agreement was intended to affect Texas venue. In fact, the joining plaintiffs stated at oral argument that the court probably had "no earthly idea" about Texas venue laws. However, even if the agreement was meant to apply to venue, it would be void as against public policy. To not apply the law in effect at the time Goldston filed her suit against Bristol–Myers would be applying a more permissive joinder law to the joining plaintiffs, which is prohibited.

Finally, were we to apply pre–1995 venue law to Goldston's suit, the doors would be open for Goldston to successfully claim that pre–1995 procedural rules, such as discovery and the rules of civil procedure, apply. This result would be untenable and would allow parties to circumvent the procedural rules by agreement.

## CONCLUSION

Because the settlement agreement does not affect which venue law applies, current section 15.003 applies to Goldston's suit. Bristol–Myers correctly filed an interlocutory appeal under that section to challenge the trial court's ruling applying pre–1995 venue law to the joining plaintiffs. Accordingly, the joining plaintiffs had to meet the requirements of section 15.003 to prove proper venue.

We reverse the order of the trial court applying pre–1995 venue law to the joining plaintiffs and remand for further proceedings under post–1995 venue laws.