James C. CLARK, Both Individually and d/b/a Austin Furniture Clearance Center and Ricky Pagnozzi, Both Individually and d/b/a Pag's Clearance Center, Appellants,

v.

POWER MARKETING DIRECT, INC., d/b/a PMD Furniture Direct, Royal Heritage Home Furnishings, and Power Marketing Direct, Appellee.

No. 01–05–00745–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 2006.

Michael D. Conner, William Patterson Huttenbach, Hirsch & Westheimer, P.C., Houston, TX, for Appellants.

John L. Dagley, Campbell, Harrison & Dagley, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices TAFT, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

James C. Clark and Ricky Pagnozzi, appellants, brought suit against Power Marketing Direct, Inc. (Power Marketing), appellee, alleging fraud in the inducement of a licensing agreement, fraud, and violation of the Texas Deceptive Trade Practices and Consumer Protection Act. Power Marketing moved to dismiss the suit, claiming that forum-selection clauses limited jurisdiction to Franklin County, Ohio. The trial court granted the motion to dismiss, and Clark and Pagnozzi appealed.

In four points of error, Clark and Pagnozzi argue that the motion to dismiss was improperly granted because the forum-selection clauses were narrowly drafted; the claims they assert are pre-contractual; the suit would void the contracts; and adjudication in Ohio of challenges to the cove-

nants not to compete, also in the licensing agreements, is against Texas public policy.

We affirm.

## Background

In March 2001, Power Marketing entered into a licensing agreement with Clark, granting Clark certain rights to intellectual property owned by Power Marketing. Included in that agreement was a forum-selection clause, which read as follows:

> Further, [Clark] and [Power Marketing] each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in Franklin County, Ohio and [Clark] hereby agrees and consents to the jurisdiction of any court located in Franklin County, Ohio.

In February 2004, Power Marketing entered into a similar licensing agreement with Pagnozzi. The forum-selection clause in that agreement read as follows:

> Further, [Pagnozzi] and [Power Marketing] each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio, and [Pagnozzi] hereby agrees and consents to the jurisdiction of the Franklin County Court of Common Pleas as to any dispute involving the parties' business relationship, including personal jurisdiction over [Pagnozzi] and subject matter jurisdiction over the dispute.

On April 13, 2005, Clark and Pagnozzi filed suit against Power Marketing in Harris County. In their live petition, Clark and Pagnozzi alleged fraud in the inducement, fraud, and violation of the Texas Deceptive Trade Practices and Consumer Protection Act. On May 19, 2005, Power Marketing filed a motion to dismiss. The trial court held a hearing on June 17, 2005

and later granted Power Marketing's motion.

## Forum–Selection Clause

In four points of error, Clark and Pagnozzi challenge the trial court's enforcement of the forum-selection clauses.

### A. Standard of Review

■ We review the enforcement of a forum-selection clause for an abuse of discretion. *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.,* 177 S.W.3d 605, 610 (Tex.App.-Houston [1st Dist.] 2005, no pet.). However, we review contractual interpretation of a forum-selection clause de novo. *Id.*

### B. Analysis

Clark and Pagnozzi provide four arguments to support their contention that the forum-selection clauses should not have been enforced. First, they argue that the forum-selections clauses are narrowly drafted. Second, the claims in the lawsuit include fraud in the inducement, a precontractual tort, and, thus, the clauses do not apply. Third, because the claims would void the contracts, the clauses do not apply. Fourth, adjudication of the covenants not to compete in an Ohio forum is against Texas public policy.

#### 1. Scope of Forum–Selection Clauses

■ Clark and Pagnozzi first argue that in determining the scope of the clauses, we must construe the clauses "most strictly against [Power Marketing], as the author of the license agreement." The law that Clark and Pagnozzi cite is inapplicable. When language in a contract is deter-mined to be ambiguous, it is interpreted against the drafter. *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 737 (Tex.1990).[1] Clark and Pagnozzi fail to identify, at trial or on appeal, any ambiguity in the clause. Generally, a contract is interpreted against the drafter only as a last resort. *GTE Mobilnet of S. Texas Ltd. P'ship v. Telecell Cellular, Inc.,* 955 S.W.2d 286, 291 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *see also Evergreen Nat'l Indem. Co. v. Tan It All, Inc.,* 111 S.W.3d 669, 676–77 (Tex.App.-Austin 2003, no pet.).

Clark and Pagnozzi argue that the clauses are too narrowly drafted to apply to their claims against Power Marketing. Appellants do not, however, explain why the language in the forum-selection clauses should be construed as being narrowly drafted.

■ In support of their assertion that the forum-selection clauses should be construed as narrowly drafted, Clark and Pagnozzi rely on *Busse v. Pacific Cattle Feeding Fund No. 1, Ltd.,* in which the Texarkana Court of Appeals held that a forum selection clause did not encompass a claim for fraud in the inducement. 896 S.W.2d 807, 812–13 (Tex.App.-Texarkana 1995, writ denied). We find *Busse* distinguishable. First, the Texarkana Court of Appeals interpreted the forum-selection clause to apply only to suits involving the "construction of the rights and liabilities of the parties under the contract." *Id.* at 813. Clark and Pagnozzi's forum-selection clauses include suits arising "as a result of the agreement." Second, the Busses were not parties to the contract sought to be enforced. *Id.* Clark and Pagnozzi are in-

---

1. Clark and Pagnozzi cite *Republic National Bank of Dallas* for the proposition that a writing is construed strictly against the drafter even if it is not ambiguous. *Republic Nat'l Bank of Dallas v. Nw. Nat'l Bank of Fort* *Worth,* 578 S.W.2d 109, 115 (Tex.1978). However, even that case discusses the rule of strict construction in the context of ambiguity in a contract. *Id.*

disputably parties to their respective contracts. We find no reason to hold that the forum-selection clauses are "narrowly drafted."

We overrule Clark and Pagnozzi's first point of error.

**2. Application to Pre–Contractual Claims**

■ Clark and Pagnozzi argue that because their causes of action involve precontractual tort claims, the forum-selection clauses do not apply. The Texas Supreme Court, however, has held that in the absence of a contract, a plaintiff cannot assert a fraudulent inducement claim. *Haase v. Glazner,* 62 S.W.3d 795, 798 (Tex. 2001). Instead, fraudulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as a part of its proof." *Id.; Coastal Bank ssb v. Chase Bank of Texas, N.A.,* 135 S.W.3d 840, 843 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

The Dallas court of appeals has expressly rejected the argument that a forum-selection clause cannot encompass pre-contractual tort claims. *My Cafe-CCC, Ltd. v. Lunchstop, Inc.,* 107 S.W.3d 860, 867 (Tex. App.-Dallas 2003, no pet.), *abrogated on other grounds by In re AIU Ins. Co.,* 148 S.W.3d 109 (Tex.2004). The court reasoned that "simply alleging fraud in the inducement of a contract is not sufficient to make a forum-selection clause unenforceable." *Id.* Federal courts in Texas have reached the same conclusion. *Texas Source Group, Inc. v. CCH, Inc.,* 967 F.Supp. 234, 237–38 (S.D.Tex.1997); *Hoffman v. Burroughs Corp.,* 571 F.Supp. 545, 547 (N.D.Tex.1982).

The Texas Supreme Court has held the same with regard to jury-waiver clauses and arbitration clauses. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 134–

35 (Tex.2004); *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 756 (Tex.2001). Bringing a claim of fraud in the inducement is a dispute involving the parties' agreement. *In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 551 (Tex. 2002). "Any provision relating to the resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at the entire agreement." *In re Prudential,* 148 S.W.3d at 134. The court in *Prudential* also cites with approval the United State Supreme Court's enforcement of a forum-selection clause to a fraud in the inducement claim. *Id.* at 134–35 (citing *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974)).

Clark and Pagnozzi cite *Pozero v. Alfa Travel, Inc.* for the proposition that their DTPA causes of action relating to fraud in the inducement should be allowed to stand. 856 S.W.2d 243, 245 (Tex.App.-San Antonio 1993, no writ). In *Phoenix Network,* we recognized the Texas Supreme Court's adoption of a new test for determining the applicability of forum-selection clauses. *Phoenix Network,* 177 S.W.3d at 612–14 (citing *In re AIU,* 148 S.W.3d at 113–14; *In re Automated Collection Techs., Inc.,* 156 S.W.3d 557, 559 (Tex.2004); *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 793 (Tex.2005)). Under this test, known as the *M/S Bremen* and *Shute* test, forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Phoenix Network,* 177 S.W.3d at 611 (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 598, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622

(1991)). We conclude that the new test cannot support the result in *Pozero*.

■ We hold that a forum-selection clause can encompass claims of fraud in the inducement. We further hold that Power Marketing's forum-selection clauses were drafted broadly enough to encompass all of Clark and Pagnozzi's claims. To clarify, we do not rule today on whether a forum-selection clause necessarily encompasses all pre-contractual claims. As Clark and Pagnozzi admit, all of their claims relate to Power Marketing's alleged conduct in inducing Clark and Pagnozzi to sign the contracts. The forum-selection clauses in the license agreements they signed encompass these claims. Accordingly, Clark and Pagnozzi are obligated to bring their claims in an appropriate court in Franklin County, Ohio.

We overrule Clark and Pagnozzi's second point of error.

### 3. Claims Would Void Contracts

In their third point of error, Clark and Pagnozzi argue that because a successful suit would result in the contracts being ruled void, the forum-selection clauses should not be enforced against them. We reject this argument.

■ The law presumes contracts to be valid. *Lambert v. Affiliated Foods, Inc.*, 20 S.W.3d 1, 5 (Tex.App.-Amarillo 1999), *aff'd*, 44 S.W.3d 544 (Tex.2001). The burden is on the party seeking to avoid the contract to prove that the contract was fraudulently induced. *See Rapp Collins Worldwide, Inc. v. Mohr*, 982 S.W.2d 478, 482 (Tex.App.-Dallas 1998, no pet.). A forum-selection clause is prima facie valid. *Phoenix Network*, 177 S.W.3d at 611. To allow a party to avoid its obligations under a presumptively valid contract with a prima facie valid forum-selection clause simply because the party might carry its burden at trial would give

the party an end run around the burdens that these rules establish. "[A] court determining whether or not to enforce a forum-selection clause will not inquire into the enforceability of the contract in which that clause is found." *Holeman v. Nat'l Bus. Inst., Inc.*, 94 S.W.3d 91, 102 (Tex. App.-Houston [14th Dist.] 2002, pet. denied).

We overrule Clark and Pagnozzi's third point of error.

### 4. Public Policy

In their final point of error, Clark and Pagnozzi argue that Power Marketing has brought suit against them in Ohio to enforce covenants not to compete in their license agreements that Clark and Pagnozzi assert violate Texas public policy.

■ This argument does not relate to the trial court's enforcement of forum-selection clauses against claims of fraud in the inducement. We recently recognized the limited role policy arguments have in challenging a forum-selection clause. *Phoenix Network*, 177 S.W.3d at 611. The burden is on the party seeking to avoid the clause to show that the clause is "unreasonable under the circumstances." *Id.* "This burden includes 'clearly' to show that enforcement would be 'unreasonable and unjust'; that the clause was 'invalid for such reasons as fraud or overreaching'; that 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision'; or that 'the contractual forum will be so gravely difficult and inconvenient' that the opponent 'will for all practical purposes be deprived of his day in court.'" *Id.* (quoting *M/S Bremen*, 407 U.S. at 15, 18, 92 S.Ct. at 1916, 1917). Arguing that a court outside of Texas will decide the validity of the covenants not to compete is insufficient to meet this heavy burden.

We overrule Clark and Pagnozzi's fourth point of error.

### Conclusion

We affirm the judgment of the trial court.