Reversed and Remanded and Memorandum Opinion filed January 9, 2007








Reversed and
Remanded and Memorandum
Opinion filed January 9, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00827-CV

____________

 

FRANK M.K. LIU AND EDWARD R. PERRY,
JR., INDIVIDUALLY AND ON BEHALF OF IV PIZZA, L.L.C., Appellant

 

V.

 

CICI ENTERPRISES, LP, SUCCESSOR BY
CONVERSION TO CICI ENTERPRISES, INC., Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 04-70816

 



 

M E M O R A N D U M    O P I N I O N








The trial court granted a motion to dismiss a Harris County
suit based on a contractual provision stating that the parties Airrevocably submit
themselves to the jurisdiction of the State Courts of Dallas County, Texas . .
. [and] agree that venue for any proceeding relating to or arising out of this
agreement shall be Dallas County, Texas . . . .@  Because the
provision is not a mandatory forum selection clause requiring dismissal but is
instead a venue selection clause, and because venue was not timely challenged
in accordance with the governing procedural rules, we reverse and remand.

I.  Factual and Procedural History

The facts in this case are not in dispute.  Appellants
Frank M.K. Liu and Edward R. Perry Jr. both reside in Harris County, Texas. 
Together with John McClure, appellants are shareholders in IV Pizza, L.L.C. ( APizza@).  In January
1999, Pizza entered into a franchise agreement with the predecessor in interest
of appellee CiCi Enterprises, L.P.[1]
(ACiCi@) under which
Pizza opened a franchise restaurant in Baton Rouge, Louisiana.  McClure managed
the restaurant.  On December 14, 2004, Liu and Perry, individually and on
behalf of Pizza, sued CiCi in Harris County, Texas for tortious interference
with contract.  Specifically, they alleged that CiCi interfered with their relationship
with McClure by granting him a separate franchise.  

On January 18, 2005, CiCi filed an answer Asubject to its
Motion to Dismiss,@ but did not file the motion until January
31, 2005.  In its motion, CiCi argued that the franchise agreement contained an
enforceable forum selection clause.  Appellants responded that the provision
was instead a venue selection clause, and argued that CiCi waived enforcement
because it failed to object to improper venue Aby written motion
filed prior to or concurrently with any other plea, pleading or motion except a
special appearance@ as required by Tex. R. Civ. P. 86(1).

The trial court granted CiCi=s motion to
dismiss, and appellants filed a combined Motion for New Trial, Motion to Reform
Judgment and Motion to Reconsider Judgment.  After the motion was overruled by
operation of law, Liu and Perry brought this appeal.

II.  Issue Presented








In a single issue, appellants contend the trial court erred
in granting CiCi=s motion to dismiss because the case does
not fall within any mandatory exception to the venue statute and CiCi did not
comply with the rules governing challenges to venue. 

III.  Standard of Review

When the parties appeal the trial court=s grant of a
motion to dismiss, the standard of review is determined by the issues presented
in the motion.  Here, the case was dismissed on the grounds that suit was filed
in Harris County in violation of a mandatory forum selection clause provided by
contract.  We review the enforcement of a forum-selection clause for an abuse
of discretion, and review the contractual interpretation of the clause de
novo.  Clark v. Power Mktg. Direct, Inc., 192 S.W.3d 796, 798 (Tex. App.CHouston [1 Dist.]
2006, no pet.) (reviewing dismissal based on a contractual forum selection
clause).  A clear failure by a trial court to analyze or apply the law
correctly is an abuse of discretion.  McDaniel v. Yarbrough, 898 S.W.2d
251, 253 (Tex. 1995). 

IV.  Analysis

Appellants argue that the contract provision at issue is
not a forum selection clause but a venue selection clause; thus, by failing to
comply with procedures governing challenges to venue, CiCi waived its argument
that the lawsuit could not proceed in Harris County.  Appellants also contend
the venue selection clause is unenforceable as a matter of law. 

CiCi=s position, both in the trial court and in
response to this appeal, rests on the bedrock assumption that the law treats
forum and venue selection clauses alike.  Thus, CiCi argues that, because forum
selection clauses are enforceable, venue selection clauses are also
enforceable.  CiCi further reasons that, because the choice of an improper
forum may be challenged through a motion to dismiss, the choice of an improper
venue may likewise be challenged by a motion to dismiss.  








But, CiCi=s premise is without support.  Although
the terms are not always used with precision, forum and venue are not
synonymous.  Forum pertains to the jurisdiction, generally a nation or State,
where suit may be brought.  See, e.g., Michiana Easy Livin= Country, Inc. v.
Holten, 168 S.W.3d 777, 784 (Tex. 2005) (explaining that before a defendant
is subject to specific jurisdiction in a particular state, the defendant must
purposefully avail itself Aof the privilege of conducting activities
within the forum State . . . .@) (emphasis
added).  In contrast, venue concerns the geographic location within the forum
where the case may be tried.  See, e.g., Boyle v. State, 820 S.W.2d 122,
139B40 (Tex. Crim.
App. 1989) (en banc) (stating that venue Aconcerns the
geographic location within the State where the case may be tried.@) (emphasis
added), cert. denied, 503 U.S. 921, 112 S. Ct. 1297, 117 L. Ed. 2d 520
(1992), overruled on other grounds, Gordon v. State, 801 S.W.2d
899, 911 (Tex. Crim. App. 1990) (en banc); Gordon v. Jones, 196 S.W.3d
376, 383 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (AVenue may and
generally does refer to a particular county, but may also refer to a particular
court.@) (internal
citations omitted).[2] 









The distinction between a forum selection clause and a
venue selection clause is critical.  Under Texas law, forum selection clauses
are enforceable unless shown to be unreasonable, and may be enforced through a
motion to dismiss.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1,
10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972) (stating that forum selection
clauses Aare prima facie
valid and should be enforced unless enforcement is shown by the resisting party
to be >unreasonable= under the
circumstances@); Michiana Easy Livin= Country, Inc., 168 S.W.3d at
793 (emphasizing that  Aenforcement of a forum-selection clause is
mandatory absent a showing that >enforcement would
be unreasonable and unjust, or that the clause was invalid due to fraud or
overreaching.=@) (quoting In re Automated Collection
Techs., Inc., 156 S.W.3d 557, 559 (Tex. 2004)); Automated Collection
Techs., Inc., 156 S.W.3d at 559B60 (granting
petition for writ of mandamus and directing trial court to grant defendant=s motion to
dismiss based on a contractual forum selection clause).  In contrast, venue
selection cannot be the subject of private contract unless otherwise provided by
statute.[3] 
Fleming v. Ahumada, 193 S.W.3d 704, 712B13 (Tex. App.CCorpus Christi
2006, no pet.) (citing Fidelity Union Life Ins. Co. v. Evans, 477 S.W.2d
535, 537 (Tex. 1972)); Bristol-Myers Squibb Co. v. Goldston,  957 S.W.2d
671, 674 (Tex. App.CFort Worth 1997, pet. dism=d by agr.) (ABecause venue is
fixed by law, any agreement or contract whereby the parties try to extend or
restrict venue is void as against public policy.@).  Moreover,
venue must be challenged by a motion to transfer venue filed before or
concurrently with the defendant=s answer.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.063
(Vernon 2002).  In the absence of a timely filed motion to transfer venue, the
defendant=s objection to improper venue is waived.  Tex. R. Civ. P. 86(1); Wilson v.
Tex. Parks & Wildlife Dept., 886 S.W.2d 259, 260 (Tex. 1994), overruled
in part on other grounds, Golden Eagle Archery, Inc. v. Jackson, 24
S.W.3d 362, 372 (Tex. 2000).         Here, CiCi=s motion to
dismiss was based on the following clause in the franchise agreement:








Jurisdiction and
Venue: Governing Law.  Operator [Pizza] and the Controlling Principals hereby
irrevocably submit themselves to the jurisdiction of the State Courts of Dallas
County, Texas and the federal district court for the Northern District of
Texas, Dallas Division. Operator and the Controlling Principals hereby waive
all questions of personal jurisdiction for the purpose of carrying out this
provision.  Operator and the Controlling Principals hereby agree that service
of process may be made upon any of them in any proceeding relating to or
arising out of this agreement or the relationship created by this agreement by
any means allowed by Texas or Federal law.  Operator and the Controlling
Principals further agree that venue for any proceeding relating to or arising
out of this agreement shall be Dallas County, Texas . . . .

In the first two sentences of this provision, the parties
effectively waive challenges to the jurisdiction of the state and federal
courts of Dallas County, Texas.  Thus, CiCi waived the right to challenge the
court=s exercise of
general or specific jurisdiction in lawsuits filed in one of the enumerated
courts.  Since the instant suit was not filed in Dallas County, this part of
the contract provision is inapplicable.[4] 


The third sentence of the provision deals with service of
process.  This, too, is not at issue in this case.  

This case instead turns on the quoted portion of the fourth
sentence, in which CiCi and appellants agree Athat venue for any
proceeding relating to or arising out of this agreement shall be Dallas County,
Texas . . . .@  The quoted section is an unambiguous venue selection
clause.  Thus, in order to assert its contention that venue is proper only in
Dallas County, CiCi was required to file a written motion to transfer venue to
Dallas County not later than the date on which it answered the lawsuit.  See
Tex. R. Civ. P. 86.  Because
CiCi failed to do so, it has waived objection to venue in Harris County.  

We therefore hold that the trial court abused its
discretion in granting CiCi=s motion to dismiss, and we do not reach
appellants= subsidiary argument that the venue selection clause
at issue is unenforceable.  








V.  Conclusion

Because the trial court abused its discretion in granting
CiCi=s motion to
dismiss, we reverse the judgment of the trial court and remand for further
proceedings consistent with this opinion.

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed January 9, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.









[1]  CiCi was sued as the successor by conversion to CiCi
Enterprises, Inc.





[2]  We are not here presented with a contract specifying
a venue in a foreign nation or state.  Such cases raise questions not presented
here, such as whether the selection of a foreign venue necessarily implies the
selection of a particular forum.  See generally, Phoenix Network Techs.
(Europe) Ltd. v. Neon Sys., Inc., 177 S.W.3d 605 (Tex. App.CHouston [1st Dist.] 2005, no pet. h.).





[3]  For example, a contract provision requiring
mandatory venue in a particular county is enforceable if the case involves a Amajor transaction,@
defined, subject to certain exceptions inapplicable here, as Aa transaction evidenced by a written agreement under
which a person pays or receives, or is obligated to pay or entitled to receive,
consideration with an aggregate stated value equal to or greater than $1
million.@  See Tex.
Civ. Prac. & Rem. Code Ann. '
15.020(a) (Vernon 2002).  CiCi admits that the case at issue does not involve a
major transaction.





[4]  Moreover, because CiCi did not file a special
appearance challenging jurisdiction in the instant case, CiCi has waived any
challenge to the Harris County trial court=s
exercise of jurisdiction, regardless of the terms of the contract.  See Tex. R. Civ. P. 120a.